Filed 3/5/13  P. v. Larshin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C070192 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF104385) |
| v. | |
| YURIY IVANOVICH LARSHIN, | |
| Defendant and Appellant. | |

Defendant Yuriy Ivanovich Larshin pleaded no contest to stalking.  (Pen. Code, § 646.9.)[1]  Pursuant to the agreed-upon disposition, defendant was granted probation. After violating probation twice, the trial court revoked defendant's probation and sentenced him to a term of 16 months.

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having reviewed the record as required by *Wende*, we affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

In September 2010, defendant repeatedly threatened his brother and his brother's family. Defendant's brother took these threats seriously.

Defendant was charged with possessing a false bomb (§ 148.1, subd. (d)), three counts of making criminal threats (§ 422), and one count of stalking (§ 646.9). The parties reached a plea agreement under which defendant pleaded no contest to stalking, the remaining counts were dismissed, and defendant would not receive a state prison term at the outset. Upon his successful completion of probation, the charge was to be reduced to a misdemeanor.

Defendant was granted probation in accordance with the plea agreement. In May 2011, he admitted violating his probation by failing to attend an anger management program. Probation was revoked and reinstated on the original conditions, plus a 30-day jail term.

In November 2011, defendant was charged with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), driving with a blood-alcohol level of .08 percent or above with a prior conviction (Veh. Code, § 23152, subd. (b)) and improper position when making a left turn (Veh. Code, § 22100, subd. (b)). The complaint was amended to add a charge of "wet" reckless driving (Veh. Code, § 23103.5), and defendant pleaded no contest to that charge. Defendant also admitted the offense constituted a violation of probation. That admission was conditioned on defendant receiving a stipulated sentence of the low term of 16 months for the stalking offense. Defendant was sentenced to 16 months for stalking in accordance with the plea. He was also sentenced to a concurrent 60 days on the wet reckless. The previously ordered restitution fine remained in effect, and a $30 criminal convictions assessment and a $40 court operations assessment were imposed. Defendant was awarded 42 days of presentence custody credit. Defendant did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


              MURRAY         , J.


We concur:


       RAYE       , P. J.


       HOCH       , J.